```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CALVIN IRVIN LEMBHARD,                          :
                                                :
                Plaintiff,                      :
                                                :
        -against-                               :    ORDER OF DISMISSAL
                                                :
ORANGE COUNTY CORRECTIONAL                      :    13 Civ. 8778 (LTS) (MHD)
FACILITY MEDICAL DEPARTMENT                     :
STAFF,                                          :
                                                :
                Defendant.                      :
-------------------------------------------------------X
```

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff, proceeding pro se and in forma pauperis, filed this complaint under 42 U.S.C. § 1983. When Plaintiff filed this complaint, he was detained at the Orange County Correctional Facility ("OCCF"); he is now incarcerated at Downstate Correctional Facility. Plaintiff alleges that he was injured while playing basketball at OCCF. By order dated January 9, 2014, the Court directed Plaintiff to amend his complaint because of deficiencies in his original pleading. Plaintiff has filed an amended complaint, but the amended complaint does not comply with the order to amend. For the following reasons, the complaint is dismissed.

STANDARD OF REVIEW

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, district courts "remain obligated to construe pro se complaints liberally." Harris

v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Thus, pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

BACKGROUND

In his original complaint, Plaintiff alleged that he fell while playing basketball at OCCF on November 29, 2013, fracturing his leg, hitting his head, and injuring his back. Plaintiff claimed he was denied timely, adequate medical attention and pain medication. (Compl. at 4-5.)  Plaintiff believes he fell because the cement court was not "smooth," and because his prison-issued sneakers had "no insoles" and were "very slippery."  (Compl. at 5.) The only named Defendant was the OCCF Medical Department.  In a January 9, 2014, Order, the Court directed Plaintiff to amend his complaint to name a proper Defendant and to provide more facts regarding his conditions-of-confinement claims.

Plaintiff filed an amended complaint that again names only the OCCF Medical Department as a defendant.  In addition, Plaintiff asserts that since his move to Downstate he is "still . . . trying to find out what is [his] problem and why" he is having back and head pain. (Am. Compl. at 2.)  Plaintiff did not provide any additional facts regarding his conditions-of-confinement claims.

DISCUSSION

The Court liberally construes the complaint as alleging constitutional claims arising under 42 U.S.C. § 1983.  To state a claim under that statute, Plaintiff must allege that persons acting under color of state law have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws of the United States."  42 U.S.C. §1983; West v. Atkins, 487 U.S. 42, 48 (1988).

As a prerequisite to an award of damages under § 1983, a plaintiff must allege the personal involvement of each defendant in an alleged constitutional deprivation.  Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006).  The Court explained in its prior order that Plaintiff must name individual defendants and explain how each defendant was personally involved in violating his constitutional rights.

Plaintiff's amended complaint does not comply with the Order to amend.  Instead of naming defendants who were allegedly personally involved in violating his constitutional rights, Plaintiff filed a complaint that once again named the OCCF Medical Department as the sole defendant.  In addition, although Plaintiff appears to assert that he is being denied adequate medical care at Downstate, he did not name any defendants in connection with those allegations.  Even if the Court assumes that the facts alleged give rise to an Eighth Amendment claim of deliberate indifference to his serious medical needs, Plaintiff has failed to allege the personal involvement of any individual Defendants.

Moreover, the Court cannot construe Plaintiff's complaint as alleging claims against the county.  To hold a municipality liable, a § 1983 plaintiff must allege that his injuries were the result of a municipal policy, custom, or practice.  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978); Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012).  "[Local governments] are not vicariously liable under § 1983 for their employees' actions."  Connick v. Thompson, __ U.S. __, 131 S. Ct. 1350, 1359 (2011); Murray v. Johnson No. 260, 367 F. App'x 196, 197 (2d Cir. Feb. 22, 2010) (summary order) (affirming dismissal of deliberate indifference claim against municipality where plaintiff "fails to show an official policy or directive that caused the medical staff or prison guards [to act] unreasonably").  Having

construed Plaintiff's pro se complaint liberally and with "special solicitude," Triestman, 470 F.3d at 474-75, the Court nevertheless finds that Plaintiff has failed to allege that his injuries are the result of a municipal policy, custom, or practice that would warrant holding the county liable for any alleged harm resulting from the medical care Plaintiff received at OCCF.

With respect to Plaintiff's conditions-of-confinement claim, his amended complaint does not contain any additional facts regarding the surface of the basketball court or his footwear. As the Court indicated in its order to amend, Plaintiff's allegations regarding the basketball court and his footwear are more reasonably construed as sounding in negligence, which is not actionable under § 1983.[1]  See, e.g., Jennings v. Horn, No. 05-CV- 9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) (granting summary judgment against plaintiff who slipped on a wet floor as a pretrial detainee, despite his repeated warnings to prison officials about the condition, because "slippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution"); Murray v. Michael, No. 03-CV-1434, 2005 WL 2204985, at *13 (N.D.N.Y. Sept.7, 2005) ("At worst, defendant Michael could have been negligent in having plaintiff climb the ladder without some sort of safety device. Negligence, however, does not rise to the level of a constitutional violation"); see also Shamel v. Agro, No. 11-CV-9473, 2013 WL 686681, at *9 (S.D.N.Y. Jan. 28, 2013) (listing cases from this Circuit holding that problems resulting from being forced to wear institutional footwear are not sufficiently serious to amount to constitutional violations).

---

[1]  Because Plaintiff fails to assert any meritorious federal claims, the Court declines to exercise its supplemental jurisdiction over any potential state law claims. 28 U.S.C. § 1367(c)(3); Martinez v. Simonetti, 202 F.3d 625, 636 (2d Cir. 2000) (a district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed claims over which it has original jurisdiction.")  The Court takes no position on the merits of any state law claims Plaintiff may seek to assert in state court.

<u>Leave to Amend</u>

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to amend." <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" <u>Ruotolo v. City of N.Y.</u>, 514 F.3d 184, 191 (2d Cir. 2008) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

The Court has already granted Plaintiff leave to amend his complaint to address problems with his original pleading. Plaintiff's failure to correct those deficiencies, after being provided with full notice, is sufficient ground to deny leave to amend a second time. <u>See</u> <u>In re Eaton Vance Mut. Funds Fee Litig.</u>, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because the plaintiffs were provided notice of defects in a prior pleading and given a chance to amend, but "have not submitted a proposed amended complaint that would cure these pleading defects"), <u>aff'd</u> <u>sub</u> <u>nom</u>. <u>Bellikoff v. Eaton Vance Corp.</u>, 481 F.3d 110, 118 (2d Cir. 2007). Because there is no indication that Plaintiff is in possession of facts that could cure the problems with his original complaint, the Court declines to grant Plaintiff leave to submit another amended complaint.

## **CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Based on the foregoing, Plaintiff's federal claims are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's state law claims are dismissed without prejudice to litigation in state court. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good

faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Dated: April 24, 2014
       New York, New York

Copy mailed to:
Calvin Lembhard
14-A-0291
Downstate Correctional Facility
P.O. Box F
Red Schoolhouse Road
Fishkill, NY 12524